JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, Leon Kisseberth, appeals from the judgment of the Cuyahoga Court of Common Pleas finding him to be a sexual predator. Appellant contends that he did not receive proper notice of the hearing, that the evidence adduced at the sexual offender classification hearing was insufficient to establish by clear and convincing evidence that he is a sexual predator, and that the trial court failed to consider the statutory factors set forth in R.C. 2950.09(B).
 {¶ 2} The record reflects that appellant was indicted in 1977 for multiple counts of rape, gross sexual imposition and possession of criminal tools. The indictment arose out of appellant's and his wife's sexual activities with minors. Appellant subsequently pled guilty to five counts of rape and the other counts were nolled. The trial court sentenced appellant to seven to 25 years incarceration on each count, the sentences to be served concurrently.
 {¶ 3} In May 2002, appellant was released from prison. In November 2002, the trial court held a sexual offender classification hearing pursuant to R.C. 2950.09 and determined that appellant is a sexual predator.
 {¶ 4} Appellant timely appealed, raising three assignments of error for our review.
 NOTIFICATION OF SEXUAL OFFENDER CLASSIFICATION HEARING {¶ 5} R.C. 2950.09(C)(2)(b) provides that the judge who is to conduct a sexual offender classification hearing "shall give the offender and the prosecutor who prosecuted the offender for the sexually oriented offense * * * notice of the date, time, and place of the hearing."
 {¶ 6} In his first assignment of error, appellant contends that the trial court failed to provide him with notice of the date, time, and location of his hearing prior to conducting the hearing and, therefore, the judgment finding him to be a sexual predator should be vacated and the matter remanded for a new hearing.
 {¶ 7} The record reflects that on May 31, 2002, the trial court ordered that appellant be returned from the London Correctional Institution "for purpose of House Bill 180 hearing. Hearing to be held on June 10, 2002 at 9:00 a.m." On August 20, 2002, the trial court issued an order giving appellant notice of a new hearing date as follows: "Defendant is to appear in court for a House Bill 180 hearing on August 29, 2002 at 10:00 A.M. in Cuyahoga County Common Pleas Court, Judge Peggy Foley Jones['] Courtroom 16B, 1200 Ontario Street, Cleveland, Ohio 44113."
 {¶ 8} Subsequently, the trial court issued an order advising appellant that the House Bill 180 hearing had been continued to September 30, 2002 at 9:00 a.m. "at Justice Center, 1200 Ontario Street, Cleveland, Ohio 44113 in Courtroom 16B." Finally, on November 5, 2002, the trial court issued the following order:
 {¶ 9} "This defendant is to appear in court on November 18, 2002 at 10:00 a.m. for the purpose of a House Bill 180 hearing. Defendant to appear in the courtroom of Judge Peggy Foley Jones, 16B, Justice Center, 1200 Ontario Street, Cleveland, Ohio 44113.
 {¶ 10} "If this defendant fails to appear he will be in contempt of court, ORC 2705.02 and a warrant may be issued for the arrest of this defendant."
 {¶ 11} Appellant contends that there is no indication in the record that he actually received any of these notices because he was released from prison on May 31, 2002. There is also, however, no indication in the record that he did not receive the notices. Moreover, the record reflects that appellant's counsel never raised the issue of notice at any time during the six months between the first notice in May and the last notice in November nor did he raise the issue at any time during the hearing. We interpret counsel's failure to do so as indication that appellant received adequate notice of the date, time and location of the hearing. Moreover, failure to raise an issue in the court below waives the opportunity to raise it here. State v. Lorraine (1993),66 Ohio St.3d 414.
 {¶ 12} Appellant's first assignment of error is overruled.
 SUFFICIENCY OF THE EVIDENCE {¶ 13} In his second assignment of error, appellant contends that the evidence was insufficient to prove by clear and convincing evidence that he is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 14} R.C. 2950.01(E) defines a sexual predator as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. Thus, at the sexual offender classification hearing, in order for the offender to be designated a sexual predator, the State must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. Statev. Eppinger (2001), 91 Ohio St.3d 158, 163, citing R.C. 2950.01(E) and2950.09(B)(3). (Emphasis in original.)
 {¶ 15} The standard of clear and convincing evidence is that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases. State v. Schiebel (1990),55 Ohio St.3d 71, 74. Clear and convincing evidence is the measure or degree of proof which produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Id. In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. Id.
 {¶ 16} Here, the first prong of R.C. 2950.01(E) was clearly satisfied: appellant pled guilty to five counts of rape. Appellant contends, however, that the evidence presented at the hearing was insufficient to establish by clear and convincing evidence that he is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 17} In determining whether a sex offender is a sexual predator, a judge shall consider all relevant factors to determine whether the individual is likely to engage in future sex offenses. See R.C.2950.09(B)(3). These factors include, but are not limited to, the offender's age and prior criminal record, the age of the victim, whether the sex offense involved multiple victims, whether the offender used drugs or alcohol to impair the victim of the sex offense, whether the offender engaged in a pattern of abuse or displayed cruelty toward the victim, whether the offender completed any sentence imposed for any prior conviction, whether the offender participated in any available program for sex offenders, any mental disease or disability of the offender and any other behavioral characteristics that contribute to the sex offender's conduct. R.C. 2950.09(B)(3)(a) through (j).
 {¶ 18} R.C. 2950.09(B)(3) does not require that each factor be met before an offender may be classified as a sexual predator — only that each factor be considered. State v. Delyle (Nov. 1, 2001), Cuyahoga App. No. 79169, citing State v. Goodall (July 6, 2000), Cuyahoga App. No. 76491; State v. Tracy (May 20, 1998), Summit App. No. 18623.
 {¶ 19} At the sexual offender classification hearing in this case, the State presented a parole investigator's report dated May 5, 1970 which demonstrated that appellant was convicted in 1959 as a juvenile of raping three children aged two, six and seven. The report further demonstrated that three years later, appellant was convicted of two counts of taking indecent and improper liberties with a minor. The report stated that appellant was sent to a psychiatric hospital, where he was diagnosed as a "sociopathic personality, disturbed, sexual deviate."
 {¶ 20} The State also presented a pre-parole psychological evaluation dated December 4, 1995. As stated in the report, the evaluation was prepared by two mental health services professionals at the London Correctional Institution "as a result of a special request from the adult parole authority to address Kisseberth's parole prognosis, release needs, and sex-offender classification." Information used in the preparation of the evaluation "was obtained from Kisseberth's central file, custodial record, clinical interview, psychological file and psychological tests administered for th[e] report." The report diagnosed appellant as a pedophile and concluded that:
 {¶ 21} "From a clinical point of view, Kisseberth is given an average prognosis for completing his furlough or parole. He is viewed primarily as a risk to persons. The amount of release supervision should be high. Possible areas of difficulty include episodes of inappropriatebehavior with younger individuals. Apparently Kisseberth's sexualmisbehaviors are separated by long intervals of normal relations withselected adults. This suggests a supervised release of maximum duration.
It is predicted that Kisseberth will be a compliant parole client for the most part. Special release recommendations include agency placement as planned with sex-offender counseling that discourages Kisseberth's use of children to compensate for his estrangement from adult society." (Emphasis added.)
 {¶ 22} In addition, included in the Institutional Record provided to the trial court prior to the hearing was an Institution Summary Report dated April 24, 2002, which contained the following comments:
 {¶ 23} "Inmate has never addressed his crime in the years he has been incarcerated with self-help programming. Wants to blame others for crime."
 {¶ 24} In light of this evidence, we find no merit to appellant's argument that the State "relied exclusively on 25-year-old materials" at the sexual offender classification hearing.
 {¶ 25} We also find no merit to appellant's argument that the trial court erred in determining that he is a sexual predator because the State did not obtain an expert opinion regarding the likelihood of Kisseberth's reoffending. R.C. 2959.09(B) does not mandate an expert witness at a sexual offender classification hearing. Expert testimony is among the types of evidence that may be offered by either party at the hearing, but the statute does not require such evidence. State v.Russell (Apr. 22, 1999), Cuyahoga App. No. 72796. Here, the record contains a report prepared in 1995 in which two individuals from the Mental Health Services Department at the London Correctional Institution diagnosed appellant as a pedophile, based on a clinical interview with appellant, psychological tests administered to him and his prior psychological file. There is nothing in the record that would cause us to dispute their opinion. Moreover, although appellant contends that another expert opinion was necessary, notably absent from the record in this case is any request from defense counsel for a psychological evaluation of appellant.
 {¶ 26} We agree with the trial judge that the evidence presented at the hearing clearly and convincingly demonstrates that appellant is likely in the future to engage in one or more sexually oriented offenses. As set forth in the trial court's judgment entry and decision finding appellant to be a sexual predator, the trial court found that many of the factors set forth in R.C. 2950.09(B)(3) apply to appellant. First, the trial court found that appellant's sex offenses against children began at an early age. In addition to being incarcerated in 1977 on five counts of rape, appellant was convicted in 1959 of raping three children and in 1962 of taking indecent and improper liberties with a minor. R.C. 2959.09(B)(3)(b). The trial court also found that appellant's most recent conviction involved five victims ranging from three to 13 years of age and that appellant abused a position of trust with these children because, over a period of six weeks while babysitting for them, appellant showed them pornographic materials and engaged in oral and anal sex with them. R.C. 2950.09(B)(3)(d) and (h). In addition, the trial court found that appellant's actions were particularly cruel because he threatened to slit the victims' throats if they did not engage in oral sex with each other. R.C. 2950.09(B)(3)(i). Finally, the trial court found that in 1963, appellant was diagnosed as a psychopathic offender and, as recently as 1995, was diagnosed as a pedophile and found to be a risk to persons. R.C. 2950.09(B)(3)(g) and (j).
 {¶ 27} On this record, there was an adequate basis for the trial court's determination that appellant is a sexual predator. Appellant's second assignment of error is therefore overruled.
 CONSIDERATION OF THE R.C. 2950.09(B)(3) FACTORS {¶ 28} In his third assignment of error, as briefed, appellant contends that the trial court did not consider the factors set forth in R.C. 2950.09(B)(3) in rendering its judgment that he is a sexual predator. At oral argument, however, counsel conceded this argument, noting that the trial court's judgment entry finding appellant to be a sexual predator clearly identified each R.C. 2959.09(B)(3) factor and its relevance to appellant.
 {¶ 29} We caution the trial court, however, that the better practice is to discuss the statutory factors and the evidence upon which it relies in making its decision on the record at the sexual offender classification hearing. As the Supreme Court of Ohio stated in State v.Eppinger (2001), 91 Ohio St.3d 158, 166:
 {¶ 30} "[T]he trial court should consider the statutory factors listed in R.C. 2950.09(B)[3] and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." (Emphasis added.) See, also, State v. Thompson, 92 Ohio St.3d 584, 588, 2001-Ohio-1288. Recently, with respect to sentencing hearings, the Ohio Supreme Court defined "on the record" to mean that oral findings must be made at the hearing. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 26.
 {¶ 31} Here, at the sexual offender classification hearing, without any reference to the statutory factors or the evidence it relied upon in making its decision, the trial court found appellant to be a sexual predator and then indicated it would subsequently enter "a formal journal entry." The trial court subsequently entered a judgment entry and decision in which it identified the R.C. 2950.09(B)(3) factors and their applicability to appellant and found, by clear and convincing evidence, that appellant is a sexual predator.
 {¶ 32} Although the trial judge did not discuss the statutory factors and the evidence upon which she relied in making her determination at the sexual offender classification hearing, we find no error in light of the trial court's extensive and specific journal entry discussing the R.C. 2950.09(B)(3) factors. In Eppinger, supra, the Ohio Supreme Court stated that it was "suggesting standards for the trial courts [when conducting sexual offender classification hearings] that will aid the appellate courts in reviewing the evidence on appeal and ensure a fair and complete hearing for the offender."91 Ohio St.3d at 167. Here, the record and journal entry, considered together, are sufficient to allow this court to review the evidence on appeal to ensure that appellant received a fair and complete hearing. Accordingly, appellant's third assignment of error is overruled.
Judgment affirmed.
MICHAEL J. CORRIGAN, P.J., concurs.
ANN DYKE, J., concurs in judgment only.