JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Andrew Henderson, appeals the sentence and sexual offender classification handed down by the Cuyahoga County Court of Common Pleas subsequent to a plea of guilty on four counts, including unlawful sexual conduct with a minor and gross sexual imposition. For the reasons that follow, we affirm the appellant's sentence and classification.
 {¶ 2} Appellant was initially indicted on a twelve-count indictment, including eleven counts of unlawful sexual conduct with a minor, pursuant to R.C. 2907.04, and one count of possessing criminal tools, pursuant to R.C. 2923.24. On August 8, 2003, appellant pleaded guilty to three counts of unlawful sexual conduct with a minor and one amended count of gross sexual imposition, pursuant to R.C. 2907.05. The remaining counts of the indictment were dismissed.
 {¶ 3} A sexual offender classification hearing and a sentencing hearing were held on September 30, 2003. The trial court heard testimony from one victim and several parents of victims. It also considered the court psychiatric evaluation and presentence investigation report. The trial court then sentenced appellant to the minimum sentence on each count, six months, to run consecutive to each other for a total of two years incarceration; the appellant was also found to be a sexual predator.
 {¶ 4} Appellant now presents his timely appeal and three assignments of error for our review.
 {¶ 5} "I. The trial court's imposition of consecutive sentences was in error due to the trial court's failure to make the requisite findings under R.C. 2929.14(E)(4) or stating its reasons under R.C. 2929.18(B)(2)(c) clearly aligning each rationale in compliance with State v. Comer (2003),99 Ohio St.3d 463."
 {¶ 6} "II. The trial court committed reversible error in sentencing the appellant to a term of imprisonment rather than community control sanctions pursuant to R.C. 2929.13."
 {¶ 7} "III. The evidence was insufficient as a matter of law to prove by clear and convincing evidence that the appellant is likely to engage in the future in one or more sexually oriented offenses."
 CONSECUTIVE SENTENCES {¶ 8} Appellant argues that the trial court failed to make the findings necessary to impose consecutive sentences. Abuse of discretion is not the standard of review with respect to sentencing; instead, an appellate court must find error by clear and convincing evidence. R.C. 2953.08(G)(2) provides that an appellate court may not increase, reduce, or otherwise modify a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Clear and convincing evidence is more than a mere preponderance of the evidence; it is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Garcia (1998), 126 Ohio App.3d 485, citing Cincinnati Bar Assoc. v. Massengale (1991),58 Ohio St.3d 121, 122. When reviewing the propriety of the sentence imposed, an appellate court shall examine the record, including the oral or written statements at the sentencing hearing and the presentence investigation report. R.C. 2953.08(F)(1)-(4).
 {¶ 9} The imposition of consecutive sentences is governed by R.C. 2929.14(E), which provides:
 {¶ 10} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 11} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
 {¶ 12} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 13} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 14} R.C. 2929.19(B) requires the trial court to explain its reasons for imposing consecutive sentences and provides in pertinent part:
 {¶ 15} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 16} "* * *
 {¶ 17} "(c) If it imposes consecutive sentences under section2929.14 of the Revised Code, its reasons for imposing the consecutive sentences; * * *."
 {¶ 18} When a judge imposes consecutive terms of incarceration, but fails to comply with R.C. 2929.14(E)(4), there is reversible error. State v. Beck (Mar. 30, 2000), Cuyahoga App. No. 75193, citing State v. Albert (1997),124 Ohio App.3d 225. Thus, the court must make the three findings, as outlined above, and state on the record its reasons for doing so before a defendant can be properly sentenced to consecutive terms.
 {¶ 19} In the instant case, the trial court found that consecutive sentences were necessary to protect the public from future crimes by the defendant, based on his pattern of preying on young girls. The court further found that the sentences were not disproportionate to the seriousness of the offenses because the appellant was known to troll for victims at a local shopping mall. Finally, the trial court found that a single prison term would not adequately reflect the seriousness of the offense and referenced the testimony of the victims and their parents as the basis for this finding. Therefore, we find that the trial court complied with R.C. 2929.14 and R.C. 2929.19 and that its sentencing of the appellant was in line with the requirements set forth in Comer, supra. This assignment of error is therefore overruled.
 MINIMUM SENTENCES {¶ 20} The appellant next argues that he was entitled to a presumption of community control sanctions in sentencing as opposed to the minimum sentences that the trial court imposed. R.C. 2953.08(G)(2) provides that an appellate court may not increase, reduce, or otherwise modify a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Clear and convincing evidence is more than a mere preponderance of the evidence; it is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v.Garcia (1998), 126 Ohio App.3d 485, citing Cincinnati BarAssoc. v. Massengale (1991), 58 Ohio St.3d 121, 122. When reviewing the propriety of the sentence imposed, an appellate court shall examine the record, including the oral or written statements at the sentencing hearing and the presentence investigation report. R.C. 2953.08(F)(1)-(4).
 {¶ 21} As part of Senate Bill 2, the Revised Code provides certain purposes for sentencing with which all sentences must comport. R.C. 2929.11 states:
 {¶ 22} "2929.11 Purposes of felony sentencing; discrimination prohibited.
 {¶ 23} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 24} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 25} "(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender."
 {¶ 26} The mechanism by which compliance with these goals may be obtained lies within R.C. 2929.12, et seq. R.C. 2929.12 grants trial courts the discretion to "determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." A jurist's discretion is limited, however, by the mandatory findings which must be present on the record in order to uphold, for example, consecutive sentences, as discussed above.
 {¶ 27} Appellant was convicted of sex offenses that amounted to felonies of the fourth degree; therefore, R.C.2929.13(B)(2)(a) applies and states: "If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."[1]
 {¶ 28} The trial court found that community control sanctions would be inappropriate in this case, citing the serious nature of appellant's crimes and the pattern of appellant's conduct in seeking out his victims. Therefore, we find that the trial court engaged in the appropriate analysis and complied with the applicable sentencing mandates before imposing a prison sentence. Appellant's second assignment of error is overruled.
 SUFFICIENT EVIDENCE {¶ 29} Finally, appellant argues that the evidence presented was insufficient to classify him as a sexual predator. A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). In determining whether an offender is a sexual predator, the court should consider all relevant factors including, but not limited to: the offender's age, prior criminal record regarding all offenses and sexual offenses, the age of the victim, previous convictions, number of victims, whether offender has completed a previous sentence, whether offender participated in treatment programs for sex offenders, mental illness of the offender, the nature of the sexual conduct, and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2).
 {¶ 30} After reviewing the factors, the court "shall determine by clear and convincing evidence whether the offender is a sexual predator. R.C. 2950.09(B)(3). Clear and convincing evidence is more than a mere preponderance of the evidence; instead, it must produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established."Cincinnati Bar Assoc. v. Massengale (1991), 58 Ohio St.3d 121,122, State v. Hamilton (May 14, 1999), Darke App. No. 1474, quoting In re Brown (1994), 98 Ohio App.3d 337, 342-343. We note, however, that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent credible evidence which goes to all the essential elements of the case. Cohen v. Lamko (1984), 10 Ohio St.3d 167.
 {¶ 31} Sexual offender classification hearings under R.C.2950.09 are civil in nature. State v. Gowdy, 88 Ohio St.3d 387,2000-Ohio-355, citing State v. Cook, 83 Ohio St.3d 404,1998-Ohio-291. When conducting a sexual predator hearing, a trial court may rely on information that was not introduced at trial.State v. Thompson (1999), Cuyahoga App. No. 73492. R.C.2950.09(B)(2) does not require that each factor be met, only that they be considered by the trial court. Id. Oral findings relative to these factors should be made on the record at the hearing.State v. Comer, 220 Ohio St.3d 463, 2003-Ohio-4165; State v.Kisseberth, Cuyahoga App. No. 82297, 2003-Ohio-5500.
 {¶ 32} In reviewing a claim of insufficient evidence, this court reviews de novo. State v. Thompkins (1997),78 Ohio St.3d 380, 386. Review is limited to whether there is sufficient probative evidence to support the trial court's determination; that is, whether the evidence against the appellant, if believed, would support the determination that the appellant is a sexual predator. Id. at 90; State v. Overcash (1999),133 Ohio App.3d 90, 94. In order to classify an offender as a sexual predator, the state must show that the offender is currently likely to commit a sex crime in the future, not solely that he committed a sex crime in the past. This court recently stated, "a court may adjudicate a defendant a sexual predator so long as the court considers `all relevant factors[,]' which may include a sole conviction." State v. Purser (2003), 153 Ohio App.3d 144, citing State v. Ward (1999), 130 Ohio App.3d 551, 560.
 {¶ 33} The Ohio Supreme Court set forth three objectives of a sexual predator hearing in State v. Eppinger (2001),91 Ohio St.3d 158. First, a clear and accurate record of the evidence and/or testimony utilized must be created and preserved for appeal. Second, an expert may be required to assist the trial court in determining whether an offender is likely to engage in a sexually oriented offense in the future. Finally, the trial court should discuss, on the record, the evidence and factors of2950.09(B)(2) upon which it relied in making its determination as to the sexual offender classification. Eppinger,91 Ohio St.3d 158, 166.
 {¶ 34} In the instant case, there is evidence in the record presented to support the trial court's conclusion that the appellant would be likely to commit a sex crime in the future. The trial court cited the age and number of the victims in this case, as well as the level of psychological trauma to the victims and their families caused by the appellant's actions. Further, the record reflects the fact that the appellant was warned by authorities prior to his arrest and indictment to refrain from making contact with one of the victims, a warning he purposely disregarded. The trial court also took into account the appellant's mental health status, and heard arguments from counsel with respect to appellant's current medication and treatment. Therefore, we find that the trial court complied with the mandates of R.C. 2950.09 and that the sexual predator classification is supported by clear and convincing evidence. This assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J., and Dyke, J., concur.
[1] R.C. 2929.13(B)(1)(f) applies to this case because appellant was convicted of fourth degree sex offenses.