JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Ralph Johnson, appeals from the trial court's decision adjudicating him a sexual predator. After reviewing the arguments of the parties and the record presented for review, we affirm the trial court's decision.
 {¶ 2} On April 12, 2003, Johnson (age 27) lured A.T.[1] (age 15), the victim, to a vacant apartment located on Bellaire in the city of Cleveland. Johnson had met A.T. through a telephone chat line. When A.T. arrived at the apartment, Johnson told her that he was an undercover police officer and was going to arrest her if she did not have sex with him. Johnson proceeded to handcuff A.T. and forced her to perform oral sex on him. Johnson then had anal sex with A.T. When Johnson was finished with A.T., he removed the handcuffs and let her leave the apartment. She immediately ran to a local grocery store where she called the police and reported the rape.
 {¶ 3} Johnson maintains that he met A.T. through a telephone chat line, but did not know she was 15 years old, claiming A.T. lied to him about her age. Johnson stated he had arranged to pay A.T. in exchange A.T. in exchange for sex, but when he cheated her on her full payment, A.T. reported the incident to the police.
 {¶ 4} On May 27, 2003, Johnson was indicted by the Cuyahoga County Grand Jury on four felony counts. Counts one and two charged rape, in violation R.C. 2707.02; count three charged impersonating a police officer, in violation of R.C. 2921.51; and count four charged kidnapping, in violation of R.C. 2905.01, with a sexual motivation pursuant to R.C. 2941.147. Johnson pleaded not guilty to the entire indictment.
 {¶ 5} On December 1, 2003, count one was amended to unlawful sexual contact with a minor, in violation of R.C. 2907.04(B)(3), a third degree felony, alleging more than a ten-year age difference between Johnson and the minor victim. As part of the plea agreement, Johnson entered a plea of guilty to the amended count; the remaining charges were dismissed.
 {¶ 6} On January 14, 2004, the trial court sentenced Johnson to four years of incarceration. On the same day, the trial court held a hearing pursuant to R.C. 2950.09(B) and adjudicated Johnson a sexual predator.
 {¶ 7} The appellant's sole assignment of error argues, "The State of Ohio failed to introduce clear and convincing evidence to justify the designation of Ralph Johnson as a sexual predator pursuant to the provisions of O.R.C. 2950.01(E)(1)."
 {¶ 8} A sexual predator is "a person who has been convicted of or or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). In determining whether an offender is a sexual predator, the court should consider all relevant factors, including, but not limited to, the offender's age, prior criminal record regarding all offenses and sexual offenses, the age of the victim, previous convictions, number of victims, whether the offender has completed a previous sentence, whether the offender participated in treatment programs for sex offenders, mental illness of the offender, the nature of the sexual conduct, whether the offender used drugs or alcohol to impair the victim of the sexually orientated offense or to prevent the victim from resisting, whether the offender during the commission of the sexually orientated offense displayed cruelty or made one or more threats of cruelty, and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2).
 {¶ 9} After reviewing the factors, the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C.2950.09(B)(3). Clear and convincing evidence is more than a mere preponderance of the evidence; instead, it must produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assoc. v. Massengale (1991),58 Ohio St.3d 121, 122, 568 N.E.2d 1222; State v. Hamilton (May 14, 1999), Darke App. No. 1474, quoting In re Brown (1994), 98 1474, quotingIn re Brown (1994), 98 Ohio App.3d 337, 342-343, 648 N.E.2d 576. We note, however, that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent, credible evidence which goes to all the essential elements of the case. Cohen v. Lamko
(1984), 10 Ohio St.3d 167, 462 N.E.2d 407.
 {¶ 10} Sexual offender classification hearings under R.C. 2950.09 are civil in nature. State v. Gowdy, 88 Ohio St.3d 387, 2000-Ohio-355727 N.E.2d 579, citing State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291,700 N.E.2d 570. When conducting a sexual predator hearing, a trial court may rely on information that was not introduced at trial. State v.Thompson (1999), Cuyahoga App. No. 73492. R.C. 2950.09(B)(2) does not require that each factor be met, only that they be considered by the trial court. Id. Oral findings relative to these factors should be made on the record at the hearing. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473; State v. Kisseberth, Cuyahoga App. No. 82297, 2003-Ohio-5500.
 {¶ 11} In reviewing a claim of insufficient evidence, this court reviews de novo. State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541. Review is limited to whether there is sufficient probative evidence to support the trial court's determination; that is, whether the evidence against the appellant, if believed, would support the determination that the appellant is a appellant is a sexual predator. Id. at 90; State v. Overcash, 133 Ohio App.3d 90, 94,1999-Ohio-836, 726 N.E.2d 1076.
 {¶ 12} In order to classify an offender as a sexual predator, the state must show that the offender is currently likely to commit a sex crime in the future, not solely that he committed a sex crime in the past. This court recently stated, "a court may adjudicate a defendant a sexual predator so long as the court considers `all relevant factors[,]' which may include a sole conviction." State v. Purser,153 Ohio App.3d 144, 2003-Ohio-3523, 791 N.E.2d 1053, citing State v.Ward (1999), 130 Ohio App.3d 551, 560, 720 N.E.2d 603.
 {¶ 13} The Ohio Supreme Court set forth three objectives of a sexual predator hearing in State v. Eppinger (2001), 91 Ohio St.3d 158,2001-Ohio-247, 743 N.E.2d 881. First, a clear and accurate record of the evidence and/or testimony utilized must be created and preserved for appeal. Second, an expert may be required to assist the trial court in determining whether an offender is likely to engage in a sexually oriented offense in the future. Finally, the trial court should discuss, on the record, the evidence and factors of R.C. 2950.09(B)(2) upon which it relied in making its determination as to the sexual offender classification. Eppinger at 166.
 {¶ 14} In the instant matter, a complete and accurate record has been presented for review which includes the transcript from the sexual classification hearing, A.T.'s statement to the police, and the court psychiatric clinic's evaluation report that was stipulated to by the parties.
 {¶ 15} The trial court also cited to several of the factors listed under R.C. 2950.09(B)(2) when making its determination. The trial court referenced the appellant's criminal history, a conviction for domestic violence; his age of 27, and the fact that the victim was a minor, only 15; the appellant's mental illnesses, including depression; and whether the appellant, during the commission of the sexually oriented offense, displayed cruelty or made one or more threats of cruelty, and the nature of the sexual conduct, i.e. handcuffing such a young victim then proceeding to sodomize her. The psychiatric evaluation placed the appellant in the medium to high risk category for recidivism.
 {¶ 16} It is important to note here that R.C. 2950.09(B)(2) mandates that the trial court take into consideration the factors enumerated under that section, but its analysis is not limited to those factors. The trial court clearly utilized not only those factors in its determination, but also set forth others it found significant, such as the fact that the appellant was sexually abused as a child, which the trial court stated seemed to have blurred his stated seemed to have blurred his moral boundaries. The court noted that the appellant thought having consensual sex with a 15-year-old child would be acceptable, had she not accused him of rape; the appellant has shown no signs of remorse for his actions. The court also stated that, during its discussions of sexual predator qualifications, the appellant was unable to control himself, making faces and disrupting proceedings.
 {¶ 17} We find as a matter of law that there exists clear and convincing evidence sufficient to conclude that the appellant is likely to commit a sexually oriented offense in the future, and the classification of sexual predator is necessary to protect the public from future harm.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Karpinski, J., concur.
[1] The minor victim is referred to herein by her initials in accordance with this court's established policy.