JOURNAL ENTRY AND OPINION
{¶ 1} This appeal arises from a sexual predator determination made by the common pleas court, criminal division, in the matter of David Boxley, a convicted sex offender. After a review of the record presented and for the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} Appellant, David Boxley, was convicted at a jury trial of kidnapping, rape and robbery for crimes committed against seven women in two consolidated 1977 criminal cases. He received an aggregate sentence of 15 to 100 years' incarceration. After being released on parole in 1989, appellant was convicted in the state of Georgia on another robbery charge and returned to Ohio to face parole violation charges. He was reincarcerated, where he remains today. On August 11, 2004, a House Bill 180 hearing was held, and appellant was found to be a sexual predator. He now presents this appeal with one assignment of error.
 {¶ 3} "The evidence is insufficient as a matter of law to prove `by clear and convincing evidence' that appellant `is likely to engage in the future in one or more sexually oriented offenses.'"
 {¶ 4} Appellant argues that the evidence presented was insufficient to classify him as a sexual predator. A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). In determining whether an offender is a sexual predator, the court should consider all relevant factors including, but not limited to, the offender's age, prior criminal record regarding all offenses and sexual offenses, the age of the victim, previous convictions, number of victims, whether offender has completed a previous sentence, whether offender participated in treatment programs for sex offenders, mental illness of the offender, the nature of the sexual conduct, and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2).
 {¶ 5} After reviewing the factors, the court "shall determine by clear and convincing evidence whether the offender is a sexual predator. R.C.2950.09(B)(3). Clear and convincing evidence is more than a mere preponderance of the evidence; instead, it must produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assoc. v. Massengale (1991),58 Ohio St.3d 121, 122; State v. Hamilton (May 14, 1999), Darke App. No. 1474, quoting In re Brown (1994), 98 Ohio App.3d 337, 342-343. We note, however, that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent credible evidence which goes to all the essential elements of the case. Cohen v. Lamko
(1984), 10 Ohio St.3d 167.
 {¶ 6} Sexual offender classification hearings under R.C. 2950.09 are civil in nature. State v. Gowdy, 88 Ohio St.3d 387, 2000-Ohio-355, citingState v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291. When conducting a sexual predator hearing, a trial court may rely on information that was not introduced at trial. State v. Thompson (1999), Cuyahoga App. No. 73492. R.C. 2950.09(B)(2) does not require that each factor be met, only that they be considered by the trial court. Id. Oral findings relative to these factors should be made on the record at the hearing. State v.Comer, 220 Ohio St.3d 463, 2003-Ohio-4165; State v. Kisseberth, Cuyahoga App. No. 82297, 2003-Ohio-5500.
 {¶ 7} In reviewing a claim of insufficient evidence, this court reviews de novo. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Review is limited to whether there is sufficient probative evidence to support the trial court's determination; that is, whether the evidence against the appellant, if believed, would support the determination that the appellant is a sexual predator. Id. at 90; State v. Overcash (1999),133 Ohio App.3d 90, 94. In order to classify an offender as a sexual predator, the state must show that the offender is currently likely to commit a sex crime in the future, not solely that he committed a sex crime in the past. This court recently stated, "a court may adjudicate a defendant a sexual predator so long as the court considers `all relevant factors[,]' which may include a sole conviction." State v. Purser
(2003), 153 Ohio App.3d 144, citing State v. Ward (1999),130 Ohio App.3d 551, 560.
 {¶ 8} The Ohio Supreme Court set forth three objectives of a sexual predator hearing in State v. Eppinger (2001), 91 Ohio St.3d 158. First, a clear and accurate record of the evidence and/or testimony utilized must be created and preserved for appeal. Second, an expert may be required to assist the trial court in determining whether an offender is likely to engage in a sexually oriented offense in the future. Finally, the trial court should discuss, on the record, the evidence and factors of R.C.2950.09(B)(2) upon which it relied in making its determination as to the sexual offender classification. Eppinger, 91 Ohio St.3d 158, 166.
 {¶ 9} In the instant case, appellant argues the trial court erred in finding him to be a sexual predator on the basis of a single conviction. However, the trial court considered the circumstances of appellant's convictions, the report of the Court Psychiatric Clinic, his history of mental illness and his institutional record in making its determination. Appellant was evaluated with the Static 99 test and found to be in the "medium to high" category of risk of reoffending. Further, the trial court noted the nature of appellant's crimes and found that it demonstrated a pattern of sexual abuse — appellant committed seven separate assaults over the course of ten days in 1977, luring his victims to the back of the school bus he drove and threatening them with a weapon. This conduct can hardly be considered a "single incident" for purposes of sexual offender classification. Finally, the court addressed a 1988 clinical report wherein doctors determined that appellant would have a high likelihood of recidivism were he to be released.
 {¶ 10} The trial court presented a complete record for appellate review, relied on acceptable expert opinions, where necessary, and indicated on the record the reasons for making the sexual predator classification. For these reasons, we find that the trial court properly found sufficient evidence to make the sexual predator classification. Appellant's sole assignment of error is therefore overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and Kilbane, J., concur.