The STATE of Ohio, Appellee,

v.

PURSER, Appellant.

[Cite as *State v. Purser,* 153 Ohio App.3d 144, 2003-Ohio-3345.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 81624.

Decided June 26, 2003.

146

William D. Mason, Cuyahoga County Prosecuting Attorney, and George Rukovena, Assistant Prosecuting Attorney, for appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and Carlos Warner, Assistant Public Defender, for appellant.

FRANK D. CELEBREZZE JR., Judge.

{¶ 1} Appellant, Otis Purser Jr., appeals the determination of the Cuyahoga County Court of Common Pleas, Criminal Division, which classified him as a "sexual predator" pursuant to R.C. 2950.09(B)(1). For the following reasons, we find appellant's appeal to be without merit.

{¶ 2} On March 9, 1999, Purser entered into a plea agreement with the state, wherein he agreed to plead guilty to six counts of rape in violation of R.C. 2907.02, which were amended to delete the language "under the age of thirteen years."[1] The charges stemmed from a pattern of sexual abuse against his eight-year-old stepdaughter. On April 7, 1999, prior to sentencing, the lower court conducted a sexual predator hearing and found Purser to be a sexual predator. On appeal, in *State v. Purser* (Aug. 21, 2001), Cuyahoga App. No. 76416, 2000 WL 1144781 (*Purser I*), this court held that proper notice of the April 7, 1999 sexual predator hearing had not been given; therefore, this court vacated the judgment classifying Purser as a sexual predator and remanded the matter for a properly noticed sexual predator hearing.

{¶ 3} On remand, the lower court conducted a properly noticed sexual predator hearing on June 25, 2002, and classified Purser as a sexual predator. It is from this classification that Purser now appeals, asserting two assignments of error for this court's review.

{¶ 4} Appellant's first assignment of error states:

{¶ 5} "I. The evidence was insufficient, as a matter of law, to prove by clear and convincing evidence that the appellant is likely to engage in the future in one or more sexually oriented offenses."

{¶ 6} Appellant argues under the clear and convincing standard of review that the evidence presented at his sexual predator hearing did not support a finding that he is likely to engage in the future in one or more sexually oriented offenses.

{¶ 7} A sexual predator is defined in R.C. 2950.01(E) as:

{¶ 8} "[A] person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."

{¶ 9} The state has the burden of proving, by clear and convincing evidence, both that appellant committed a sexually oriented offense and that he is

---

1. Appellant's original indictment charged 12 counts of rape in violation of R.C. 2907.02; 12 counts of gross sexual imposition in violation of R.C. 2907.05; 12 counts of felonious sexual penetration in violation of R.C. 2907.14; and 12 counts of kidnapping in violation of R.C. 2905.01.

likely to engage in one or more sexually oriented offenses in the future. *State v. Ward* (1999), 130 Ohio App.3d 551, 559, 720 N.E.2d 603. Appellant does not dispute that he has been convicted of a sexually oriented offense; however, he contends that the state failed to establish by "clear and convincing evidence" that he is likely to engage in one or more sexually oriented offenses in the future.

{¶ 10} In *State v. Cook* (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, the Ohio Supreme Court determined that R.C. Chapter 2950 is remedial in nature and not punitive in nature. Therefore, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case *will not be reversed * * * as being against the manifest weight of the evidence.*" (Emphasis added.) *C.E. Morris Co. v. Foley Construction* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

{¶ 11} "The standard of 'clear and convincing evidence' is defined as 'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *State v. Schiebel* (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54, quoting *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus.

{¶ 12} Additionally, we highlight that a sexual predator determination hearing is akin to a sentencing hearing where it is well settled that the rules of evidence do not strictly apply as long as the evidence sought to be admitted has some indicia of reliability. *State v. Brown*, 151 Ohio App.3d 36, 2002-Ohio-5207, 783 N.E.2d 539; R.C. 2950.09; Evid.R. 101(C). Moreover, evidence need not be properly authenticated to be admissible in a sexual predator hearing. *Id.*

{¶ 13} R.C. 2950.09(B)(1) provides for a hearing during which the court determines whether the individual is a sexual predator and states:

{¶ 14} "At hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator."

{¶ 15} R.C. 2950.09(B)(2) provides:

{¶ 16} "In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:

{¶ 17} "(a) The offender's age;

{¶ 18} "(b) The offenders's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;

{¶ 19} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;

{¶ 20} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;

{¶ 21} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

{¶ 22} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;

{¶ 23} "(g) Any mental illness or mental disability of the offender;

{¶ 24} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct * * * was part of a demonstrated pattern of abuse;

{¶ 25} "(i) Whether the offender, during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty;

{¶ 26} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."

{¶ 27} Furthermore, R.C. 2950.09(B)(3) states:

{¶ 28} "After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * * If the judge determines by clear and convincing evidence that the offender is a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a sexual predator and shall specify that the determination was pursuant to division (B) of this section."

{¶ 29} R.C. 2950.09(B)(2) does not require that the trial court list or satisfy each of these factors in order to make a sexual predator determination. It simply requires that the trial court consider all the factors that are relevant to its determination. *State v. Cook*, supra, 83 Ohio St.3d 404, 700 N.E.2d 570. It should go without saying that we are not permitted to substitute our judgment for that of the trial court, no matter how much we disagree with the court's fact-

finding. *State v. Ellison,* 8th District No. 78256, 2002-Ohio-4024, 2002 WL 1821927.

{¶ 30} In the instant appeal, appellant places great weight on the fact that this was his only sexually oriented offense and that, in all likelihood, he will never be released from prison prior to death because of his advanced age. Therefore, the likelihood of reoffending is remote. Additionally, appellant asserts that in a series of tests designed to recognize whether a child molester is likely to reoffend, he scored in the low-risk-to-reoffend range. Accordingly, appellant contends, the lower court erred in classifying him as a sexual predator.

{¶ 31} To emphasize the fact that this conviction was his only sexually oriented offense, appellant relies heavily on *State v. Krueger* (Dec. 19, 2000), Cuyahoga App. No. 76624, 2000 WL 1876391. In *Krueger,* the majority stated that if "sexual predator status could be determined from the facts surrounding a single conviction, the statute would inappropriately be converted to 'one strike and you're out.'" *Krueger,* quoting *Ward,* 130 Ohio App.3d at 561, 720 N.E.2d 603. The majority in *Krueger* also criticized what it perceived to be widespread reliance on "phantom statistical evidence," singling out the trial court's use during the classification hearing of psychiatric literature that had not been introduced into evidence.

{¶ 32} *Krueger*'s precedential value was suspect even at the time it was released. See, e.g., *Cook,* 83 Ohio St.3d at 425, 700 N.E.2d 570 ("we hold that the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings") and *Ward,* supra at 558, 720 N.E.2d 603 ("we wish to emphasize our disagreement in principle with any argument that an offender's prior convictions, standing alone, cannot be clear and convincing evidence that an offender is likely to engage in the future in one or more sexually oriented offenses"). In sum, a court may adjudicate a defendant a sexual predator so long as the court considers "all relevant factors," which may include a sole conviction or "evidence" not introduced at trial. *Ward* at 560, 720 N.E.2d 603. *Krueger*'s holding to the contrary is in error.

{¶ 33} Further, any question concerning *Krueger*'s continued viability was resolved in *State v. Eppinger* (2001), 91 Ohio St.3d 158, 743 N.E.2d 881. There the Supreme Court held: "An expert witness shall be provided to an indigent defendant at an R.C. 2950.09(B)(1) sexual offender classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E)." Id., syllabus. At the trial of one charged with a sexually oriented offense, recidivism is not at issue. Recidivism is at issue only at the sexual predator

hearing. Thus, any expert who would testify at the posttrial hearing would necessarily testify about something that was not at issue at trial.

{¶ 34} Therefore, a trial court, when conducting a sexual predator hearing, may rely on information that was not introduced at trial. As the Ohio Supreme Court put it, a "judge must consider the guidelines set out in R.C. 2950.09(B)(2), but the judge has discretion to determine what weight, if any, he or she will assign to each guideline. Pursuant to R.C. 2950.09(B)(2), a judge may also consider *any other evidence that he or she deems relevant to determining the likelihood of recidivism.*" (Emphasis added.) *State v. Thompson* (2001), 92 Ohio St.3d 584, 752 N.E.2d 276, paragraph one of the syllabus.

{¶ 35} Next, this court concedes that this is appellant's only sexually oriented conviction; however, we note that this was not an isolated incident. Rather this was a deliberate and ongoing avenue of sexual gratification for appellant, using his stepdaughter. Further, with regard to the series of tests designed to recognize appellant's propensity to reoffend, the lower court was not obligated to give the psychological report or tests any great weight or deference. See *State v. Colpetzer* (Mar. 7, 2002), 8th District App. No. 79983, 2002 WL 363723; *State v. Ellison,* supra.

{¶ 36} Despite psychological reports or tests indicating an offender's likelihood to reoffend, substantial evidence exists which indicates that child sex offenders are generally serial offenders. Specifically, in considering the Jacob Wetterling Crimes Against Children Registration Act, Section 14701, Title 42, U.S.Code, the House Report prepared for the Act stated: "Evidence suggests that child sex offenders are generally serial offenders. Indeed one recent study concluded the 'behavior is highly repetitive, to the point of compulsion,' and found that 74 percent of imprisoned child sex offenders had one or more prior sexual offenses against a child." See H.R.Rep. No. 392, 103rd Congress (1993). Furthermore, in *State v. Eppinger* (2001), 91 Ohio St.3d 158, 159–162, 743 N.E.2d 881, the Ohio Supreme Court stated:

{¶ 37} "Although Ohio's version, R.C. Chapter 2950, does not differentiate between crimes against children and crimes against adults, recidivism among pedophile offenders is highest. Some studies have estimated the rate of recidivism as being as high as fifty-two percent for rapists and seventy-two percent for child molesters." Comparet–Cassani, A Primer on the Civil Trial of a Sexually Violent Predator (2000), 37 San Diego L.Rev. 1057, 1071, citing Prentky, Recidivism Rates Among Child Molesters and Rapists: A Methodological Analysis (1997), 21 Law & Human Behavior 635, 651.

{¶ 38} Last, the United States Supreme Court, in *McKune v. Lile* (2002), 536 U.S. 24, 32–33, 122 S.Ct. 2017, 153 L.Ed.2d 47, stated "the victims of sex assault are most often juveniles," and "[w]hen convicted sex offenders reenter society,

they are much more likely than any other type of offender to be rearrested for a new rape or sexual assault."

{¶ 39} In accordance, we can only conclude that the lower court was free to give due deference to the statistical likelihood of appellant's reoffending notwithstanding the standardized testing that indicated he was at low risk to reoffend. Although the Ohio Supreme Court in *Eppinger*, supra, did not establish a bright-line rule that courts can rely solely on statistical evidence in making a sexual predator determination, it nevertheless endorsed the lower court's ability to give due weight to a statistical likelihood that sexual offenders of children are likely to reoffend when conducting its sexual predator determination.

{¶ 40} Further, in drafting R.C. Chapter 2950, the legislature recognized the existing statistical evidence, which overwhelmingly indicates that recidivism among pedophile offenders is highest. As stated in *State v. Ellison*, supra, the General Assembly passed the sexual predator laws in part because sexual predators "pose a high risk of engaging in further offenses even after being released from imprisonment." Moreover, the United States Supreme Court has recognized that, statistically, convicted sex offenders who reenter society are much more likely than any other type of offender to be rearrested for a new rape or sex assault. *McKune*, supra.

 {¶ 41} Appellant's reliance on *Krueger* is not persuasive in light of recent United States Supreme Court decisions, Ohio Supreme Court decisions, and the legislative history referring to and using statistical evidence in analyzing sexual predator determinations. Thus, a lower court can rely on statistical evidence concerning a sexual offender's likelihood to reoffend in making a sexual predator determination, without admitting the literature into evidence. Ibid. Therefore, we hereby endorse the lower court's ability to use literature evidencing the statistical likelihood that sexual offenders of children will reoffend in the future.

{¶ 42} We note that the varying recidivism tests are most often conducted while a defendant is incarcerated, without ready access to children. Clearly, the lack of opportunity to prey upon children while incarcerated is a factor that assists a sexual offender in abstaining from preying upon children. Moreover, the psychological tests designed to indicate a sexual offender's propensity to reoffend, and the resulting risk level, must be objectively evaluated and not be blindly relied upon. A sexual offender's risk level is obtained by comparing the offender's test results against those of other sexual offenders. This analysis results in a skewed ratio because it is not a comparative sample in regard to the general population. An offender's scoring in the low-risk-to-reoffend range nevertheless is cause for concern when compared with the general populace. Accordingly, as with any analysis, the lower court is under a duty to objectively weigh all applicable evidence in conducting a sexual predator determination.

{¶ 43} In reviewing the facts of the instant matter, it is abundantly clear that the lower court complied with the statutory requirements and considered the factors set forth in R.C. 2950.09(B)(2). In conducting the mandated sexual predator hearing, the lower court systematically addressed the enumerated factors in R.C. 2950.09(B)(2) and specifically stated which factors were most relevant to the sexual predator determination. First, the lower court pointed to the age of the victim when the abuse began as well as the continued, systematic cycle of abuse that continued to occur over a span of five years. Second, the lower court noted that appellant used an organized system of abuse wherein he would use lotions, lubricants, and jellies to aid in the abuse. Appellant would routinely use a washcloth to clean himself and to clean the victim after the abuse occurred. This pattern indicates that the abuse was not a spur-of-the-moment action but a well planned and organized pattern of sexual abuse. Third, the lower court stated that appellant used his position of authority in the home to perpetrate his crimes against the victim. Last, the lower court stated that the sexual crimes perpetrated by appellant were particularly cruel in nature, both physically and mentally, as evidenced by the victim's continued mental anguish.

{¶ 44} In light of the above, this court cannot endorse appellant's contention that the lower court erred in reaching its conclusion to label appellant a sexual predator. The evidence clearly indicates that appellant systematically preyed upon his stepdaughter over a period of five years. Appellant's sexual acts were both mentally and physically cruel and abusive. Last, and most heinous, appellant used his position of trust and authority to force his stepdaughter to succumb to repeated attacks that occurred almost nightly for five years. A child should feel safe and secure in her own home if no other place and not feel threatened with possible sexual abuse on a nightly basis by a supposed loved one.

{¶ 45} Last, appellant argues that the state was estopped from conducting the instant sexual predator determination on remand from this court under the doctrine of res judicata. Counsel for appellant posits this contention on the court's decision in *State v. Krueger*, wherein the *Krueger* majority vacated the lower court's determination that the defendant was a sexual predator because the majority determined that the state did not present clear and convincing evidence in support of the determination. In finding that the state failed to carry its burden, the lower court was prohibited from conducting a rehearing based on res judicata. The Ohio Supreme Court has held that sexual offender classification hearings under R.C. 2950.09(B) are civil in nature. *State v. Gowdy* (2000), 88 Ohio St.3d 387, 727 N.E.2d 579, citing, *State v. Cook*, 83 Ohio St.3d 404, 700 N.E.2d 570. Pursuant to Civ.R. 8(C), res judicata is an affirmative defense. If a party fails to properly raise the affirmative defense of res judicata, it is waived. *State v. Apanovitch* (1995), 107 Ohio App.3d 82, 89, 667 N.E.2d 1041. In

reviewing the record, appellant did not assert the defense of res judicata in the proceedings before the lower court. Accordingly, in order to address this issue at this level, we must find plain error. See *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 679 N.E.2d 1099.

{¶ 46} In the case at hand, we find no merit to appellant's argument under the doctrine of res judicata. First, in *Purser I*, this court vacated the lower court's sexual predator determination on procedural grounds; therefore, the lower court did indeed have jurisdiction to hold a second sexual predator hearing on remand. In *Purser I*, the determination was not vacated because the state failed to present clear and convincing evidence to support such a determination; rather, the determination was vacated because the lower court failed to properly notify appellant of the hearing. On remand, the lower court, after giving proper notice to appellant, conducted the applicable sexual predator determination. Further, as noted, appellant failed to assert the defense of res judicata in the proceedings before the lower court. Accordingly, appellant has waived the affirmative defense of res judicata and, notwithstanding his waiver, the lower court continued to have jurisdiction to conduct the sexual predator hearing.

{¶ 47} Therefore, we find no merit to appellant's first assignment of error. The lower court's determination that appellant is a sexual predator was based on clear and convincing evidence supported by the record. Further, appellant waived his right to assert the affirmative defense of res judicata on appeal.

{¶ 48} Appellant's second assignment of error states:

{¶ 49} "II. The trial court erred when it entered an order finding that the appellant was found to be a sexual predator pursuant to R.C. 2950.09(C)."

{¶ 50} Here appellant urges this court to denounce the lower court practice of executing an "Inmate Sentencing Attachment Finding Defendant To Be A Sexual Predator" at the conclusion of the mandated sexual predator determination. Appellant argues that using this standard attachment in some manner results in innumerable mistakes or erroneous classifications and notification. Further, appellant contends that using this standard attachment could "arguably" impact his ability to revisit his classification pursuant to R.C. 2950.09(D). We find no merit to this assertion.

{¶ 51} Appellant entered a guilty plea to the amended indictment on March 9, 1999. Thereafter, on April 7, 1999, and June 25, 2002, sexual predator hearings were conducted under R.C. 2950.09(B). In sum, the "Inmate Sentencing Attachment Finding Defendant To Be A Sexual Predator" states:

{¶ 52} "1) The Department of Corrections and Rehabilitation recommends that the defendant be adjudicated as a Sexual Predator in the manner set forth in R.C. 2950.09(B)(1);

{¶ 53} "2) That the lower court considered the factors set forth in R.C. 2950.09(B)(2); and

{¶ 54} "3) That the lower court determines and adjudicates the defendant to be a sexual predator pursuant to R.C. 2950.09(C)."

{¶ 55} Reviewing the applicable statutes and case law, this court can find no plausible reason to order the lower court to deviate from the current method of using a standard attachment in determining and adjudicating defendants as sexual predators pursuant to R.C. Chapter 2950. Simply, appellant has failed to present any type of evidence to indicate that the current methods used could in some form impact his ability to revisit his classification pursuant to R.C. 2950.09(D).

{¶ 56} Therefore, appellant's second assignment of error is not well taken.

Judgment affirmed.

MICHAEL J. CORRIGAN, P.J., concurs.

SEAN C. GALLAGHER, J., concurs in judgment only.