OPINION
{¶ 1} Appellant, Trent D. Burgan (a.k.a. Amun Maa't Ho'tep), appeals the judgment entered by the Lake County Court of Common Pleas. The trial court adjudicated appellant a sexual predator.
 {¶ 2} In 1992, appellant broke into a residence occupied by his ex-girlfriend. Once inside, he raped his ex-girlfriend at gunpoint. As a result of these events, appellant ultimately pled guilty to one court of aggravated burglary and one count of rape with a firearm specification. He was sentenced to concurrent prison terms of seven to twenty-five years for the aggravated burglary and rape convictions, to be served consecutively to a three-year term for the firearm specification.
 {¶ 3} In an August 1997 judgment entry, the trial court dismissed the sexual predator proceedings against appellant, holding that Ohio's sexual predator law was unconstitutional. The state appealed this decision to this court, and this court affirmed the trial court's judgment based on State v.Williams.[1] Subsequently, the Supreme Court of Ohio held that Ohio's sexual predator statute is constitutional.[2]
Thus, the Supreme Court of Ohio reversed this court's decision and remanded the matter to the trial court to resume sexual predator proceedings.
 {¶ 4} A sexual predator hearing was held in July 2003. No witnesses testified at the hearing, and the attorneys presented arguments to the court. A psychological report prepared by Dr. John Fabian was admitted as an exhibit. However, Dr. Fabian did not testify at the hearing. At the conclusion of the hearing, the trial court labeled appellant a sexual predator.
 {¶ 5} Appellant raises the following assignment of error:
 {¶ 6} "The trial court committed reversible error when it labeled the defendantappellant a sexual predator against the manifest weight of the evidence."
 {¶ 7} In determining whether a verdict is against the manifest weight of the evidence, the Supreme Court of Ohio has adopted the following language as a guide:
 {¶ 8} "`The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'"[3]
 {¶ 9} This court has applied the above standard set forth inState v. Thompkins when reviewing whether a sexual predator determination is against the manifest weight of the evidence.[4]
 {¶ 10} A trial court has to determine by clear and convincing evidence that the offender is a sexual predator.[5] A sexual predator is an individual who has been convicted of a sexually oriented offense and is likely to commit a sexually oriented offense in the future.[6] In making its determination, a trial court should consider all relevant factors, which include, but are not limited to, the following:
 {¶ 11} "(1) [T]he offender's age; (2) the offender's prior criminal record; (3) the age of the victim; (4) whether the sexually oriented offense for which sentence was imposed involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting; (6) whether the offender has participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse; (9) whether the offender displayed cruelty during the commission of the crime; and (10) any additional behavioral characteristics that contributed to the offender's conduct."[7]
 {¶ 12} In applying these factors, the trial court made the following findings in its judgment entry:
 {¶ 13} "a.) The defendant was twenty-six (26) years of age at the time of the offense and thirty-six (36) at the time of the hearing;
 {¶ 14} "b.) The defendant has a criminal record, including a conviction in Cuyahoga County for Burglary, a felony of the fourth degree, and Theft, a felony of the fourth degree, Cuyahoga County Case No. CR285224 which was committed while the defendant was out on bond on this case and involved the same victim as the victim in this case;
 {¶ 15} "c.) The victim of the sexually oriented offense for which the sentence was imposed was an adult female;
 {¶ 16} "d.) The sexually oriented offense for which the sentence was imposed did not involve multiple victims;
 {¶ 17} "e.) The defendant did not use drugs or alcohol to impair the victim or prevent the victim from resisting;
 {¶ 18} "f.) The defendant was not previously convicted of a sex offense and therefore did not previously participate in any treatment programs for sexual offenders;
 {¶ 19} "g.) The defendant has a serious mental illness or mental disability. Specifically, defendant has an obsessive/compulsive disorder which led to problems with a prior relationship, required hospitalization, and led to the commission of this offense.
 {¶ 20} "h.) The defendant's sexual conduct, sexual contact or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 21} "i.) The nature of the defendant's actions during the commission of the sexually oriented [offense] displayed cruelty and threats of cruelty. Specifically, the defendant's use of a firearm to commit the Rape created a risk of death to the victim;
 {¶ 22} "j.) Additional behavioral characteristics that contributed to the defendant's conduct include the defendant's obsessive/compulsive behavior, his stalking-like profile, and the fact that he was involved in a prior relationship which involved similar circumstances and similar behavior on the part of the defendant."
 {¶ 23} Appellant argues that many of the relevant factors do not support a sexual predator determination. While some of the factors cited by appellant may weigh against a sexual predator adjudication, we note the trial court has the discretion to determine the weight to be given to each of the factors.[8]
In this case, the trial court gave greater weight to the following factors (1) there was a pattern of abuse; (2) there were threats of cruelty; and (3) appellant suffered from obsessive-compulsive disorder.
 {¶ 24} The evidence in the record supports the trial court's findings regarding these factors. The underlying rape and burglary convictions were only part of several crimes committed against the victim in a short period of time. The threat to the victim was of the most severe variety, in that appellant pointed a loaded firearm at her during the rape. Finally, Dr. Fabian stated in his report that the underlying offense was a result of appellant's obsessive-compulsive disorder. The trial court noted appellant "stalked" the victim in this case. These factors support the trial court's sexual predator adjudication.
 {¶ 25} Appellant also contends that the trial court's sexual predator adjudication is against the manifest weight of the evidence because Dr. Fabian's report indicated that he was a low to moderate risk to reoffend and recommended a sexually oriented offender label rather than a sexual predator label. We disagree.
 {¶ 26} A trial court is not required to rely solely on the psychiatric findings or opinions in its determination regarding the likelihood of recidivism.[9] Rather, the psychiatric evidence is to be viewed in totality with the other evidence before the court.[10] The transcript of the hearing and the trial court's judgment entry demonstrate the trial court reviewed Dr. Fabian's report and the underlying facts of appellant's crimes. Thereafter, the trial court determined that appellant presented a risk of recidivism and labeled him a sexual predator. We cannot say the trial court's determination was against the manifest weight of the evidence.
 {¶ 27} Moreover, Dr. Fabian's report concluded that appellant was at a "low to moderate" risk of reoffending sexually. The Eight Appellate District has held that even a "low risk" result from standardized testing does not preclude a sexual predator adjudication.[11] The court held "the psychological tests designed to indicate a sexual offender's propensity to reoffend, and the resulting risk level, must be objectively evaluated and not be blindly relied upon."[12] We agree.
 {¶ 28} In the case sub judice, the trial court was presented with the unenviable task of predicting the future to determine whether appellant would commit another sexual offense. Clinical evidence showed that he presented up to a "moderate" risk of reoffending. We cannot say this clinical evidence is inherently inconsistent with a sexual predator adjudication. Rather, when viewed in conjunction with the other facts of this case, Dr. Fabian's report supports the trial court's judgment.
 {¶ 29} Appellant's assignment of error is without merit.
 {¶ 30} The judgment of the trial court is affirmed.
Grendell, J., Rice, J., concur.
[1] State v. Burgan (Feb. 26, 1999), 11th Dist. No. 97-L-242, 1999 Ohio App. LEXIS 642, citing State v. Williams (Jan. 29, 1999), 11th Dist. No. 97-L-191, 1999 Ohio App. LEXIS 217.
[2] State v. Williams (2000), 88 Ohio St.3d 513.
[3] (Citations omitted.) State v. Thompkins (1997),78 Ohio St.3d 380, 387.
[4] State v. Randall (2001), 141 Ohio App.3d 160, 165.
[5] R.C. 2950.09(B)(4).
[6] R.C. 2950.01(E)(1).
[7] State v. Naples (Dec 14, 2001), 11th Dist. No. 2000-T-0122, 2001 Ohio App. LEXIS 5639, at *4-5, citing R.C.2950.09(B)(2)(a)-(j).
[8] State v. Thompson (2001), 92 Ohio St.3d 584, paragraph one of the syllabus.
[9] (Citation omitted.) State v. Robertson,147 Ohio App.3d 94, 2002-Ohio-494, at ¶ 39.
[10] 10. Id. at ¶ 40.
[11] State v. Purser, 153 Ohio App.3d 144, 2003-Ohio-3345, at ¶ 39.
[12] Id. at ¶ 42.