JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Earl Caldwell, appeals the determination of the common pleas court, which classified him as a "sexual predator," pursuant to R.C. 2950.09(B)(1). For the following reasons, we find the appellant's appeal to be without merit.
 {¶ 2} On October 18, 1991, Caldwell was indicted by the Cuyahoga County Grand Jury on six counts of rape, in violation of R.C. 2907.02; five counts of gross sexual imposition, in violation of R.C. 2907.05; two counts of felonious sexual penetration, in violation of R.C. 2907.14; and two counts of attempted rape, in violation of R.C. 2923.02. These charges arose out of a number of sexually abusive incidents involving two minor children, ages eight and ten.
 {¶ 3} On April 21, 1992, in the midst of jury impaneling, Caldwell retracted his former plea of not guilty and entered a plea of guilty to the amended indictment charging two counts of attempted rape and two counts of gross sexual imposition.
 {¶ 4} On June 6, 2004 a sexual predator classification hearing was held, pursuant to R.C. 2950.09 (HB 180), and on June 7, 2004, after taking the matter under advisement, the trial court classified Caldwell as a sexual predator. It is from this classification that Caldwell now appeals, asserting one assignment of error for this court's review, which states:
 {¶ 5} "The evidence is insufficient, as a matter of law, to prove `by clear and convincing evidence' that appellant `is likely to engage in the future in one or more sexually oriented offenses.'"
 {¶ 6} In reviewing a claim of insufficient evidence, this court reviews de novo. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Review is limited to whether there is sufficient probative evidence to support the trial court's determination. Id.
 {¶ 7} A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). In determining whether an offender is a sexual predator, the court should consider all relevant factors, including but not limited to: the offender's age, prior criminal record regarding all offenses and sexual offenses, the age of the victim, previous convictions, number of victims, whether the offender has completed a previous sentence, whether the offender participated in treatment programs for sex offenders, mental illness of the offender, the nature of the sexual conduct, and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2). After reviewing the factors, the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(B)(3).
 {¶ 8} In order to classify an offender as a sexual predator, the state must show that the offender is currently likely to commit a sex crime in the future, not solely that he committed a sex crime in the past. This court recently stated, "a court may adjudicate a defendant a sexual predator so long as the court considers `all relevant factors[,]' which may include a sole conviction." State v. Purser, 153 Ohio App.3d 144,2003-Ohio-3523, citing State v. Ward (1999), 130 Ohio App.3d 551, 560.
 {¶ 9} The likelihood to commit a sexual offense in the future must be shown by clear and convincing evidence. This standard requires "more than a preponderance of evidence, but not to the extent and certainty as is required beyond a reasonable doubt in criminal cases." State v. Schiebel
(1990), 55 Ohio St.3d 71, 74, citing Cross v. Ledford (1954)161 Ohio St. 469. The evidence must be enough to support a firm belief or conviction.
 {¶ 10} R.C. 2950.09(B)(1) provides for a hearing during which the court determines whether the individual is a sexual predator and states in relevant part:
 {¶ 11} "* * * At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. * * *"
 {¶ 12} R.C. 2950.09(B)(2) provides in relevant part:
 {¶ 13} "In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 14} "(a) The offender's age;
 {¶ 15} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 16} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 17} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 18} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 19} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 20} "(g) Any mental illness or mental disability of the offender;
 {¶ 21} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct * * * was part of a demonstrated pattern of abuse;
 {¶ 22} "(i) Whether the offender, during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty;
 {¶ 23} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 24} Furthermore, R.C. 2950.09(B)(3) states:
 {¶ 25} "After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * * If the judge determines by clear and convincing evidence that the offender is a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a sexual predator and shall specify that the determination was pursuant to division (B) of this section. * * *"
 {¶ 26} When determining whether a person is a sexual predator, the court must consider all relevant factors, including those listed in R.C.2950.09(B)(2). The statute does not require the court to list the criteria, but only to consider all relevant factors, including the criteria in R.C. 2950.09(B)(2), in making his or her findings. See Statev. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570.
 {¶ 27} Furthermore, in this matter it is important to note that "the Ohio Supreme Court has determined that R.C. Chapter 2950 is remedial in nature and not punitive." State v. Purser, supra, citing State v. Cook,83 Ohio St.3d 404, 1998-Ohio-291, 700 N.E.2d 570. A sexual predator determination hearing is akin to a sentencing hearing where it is well settled that the rules of evidence do not strictly apply as long as the evidence sought to be admitted has some indicia of reliability. State v.Purser, supra, citing State v. Brown, 151 Ohio App.3d, 2002-Ohio-5207,783 N.E.2d 539; R.C. 2950.09; Evid.R. 101(C). A further important difference is that recidivism is not at issue at the trial of one charged with these offenses; recidivism is only at issue at the sexual predator hearing. State v. Purser, supra. "Therefore, a trial court, when conducting a sexual predator hearing, may rely on information that was not introduced at trial. As the Ohio Supreme Court put it, a `judge must consider the guidelines set out in R.C. 2950.09(B)(2), but the judge has discretion to determine what weight, if any, he or she will assign to each guideline. Pursuant to R.C. 2950.09(B)(2), a judge may also consider any other evidence that he or she deems relevant to determining the likelihood of recidivism.'" Id., citing State v. Thompson,92 Ohio St.3d 584, 2001-Ohio-1288, 752 N.E.2d 276, paragraph one of the syllabus.
 {¶ 28} Here, Caldwell claims that there was insufficient evidence to prove "by clear and convincing evidence" that he is likely to engage in the future in one or more sexually oriented offenses. In reviewing the facts of this matter, it is this court's opinion that the lower court had ample evidence to classify appellant as a sexual predator. Caldwell did plead guilty to multiple sexually oriented offenses involving multiple child victims. Thus, by statute, appellant is at least to be classified as a "sexually oriented offender." Beyond that, the key in determining whether to classify Caldwell to the heightened classification of "sexual predator" is the likelihood of committing one or more sexually oriented offenses in the future. In settling that issue, the lower court properly considered numerous sources of information. In conducting the mandated sexual predator hearing, the lower court addressed the enumerated factors in R.C. 2950.09(B)(2). In doing so, the lower court noted several relevant factors for why it ruled as it did.
 {¶ 29} First, there were multiple victims, and they were of a young age. Also, it was shown that Caldwell had knowledge at the time that he committed the offenses that the two victims here had also been sexually abused by their stepfather. That pertains to the nature of these present sexual offenses. The trial court also felt that the pattern of abuse by the appellant, while it did cut both ways, was significant. Clearly, as to the two victims involved with the case at bar, there was a pattern of abuse. The lower court, however, was not as convinced as to whether there was a pattern of being sexually abusive outside this case's context. Furthermore, there was evidence presented before the court of Caldwell being the subject of both a complaint by a 13-year-old girl and an importuning charge involving a 12-year-old girl (of which he was found not guilty). The lower court took that evidence into consideration, but it was not the foundation of its findings here.
 {¶ 30} The factor that seemed most persuasive to the lower court was Caldwell's denial. Appellant consistently blamed his victims for his behavior. Caldwell continued to insist that his eight-year-old and ten-year-old victims were "egging" him on to commit the offenses for which he pleaded guilty. Even after Caldwell pleaded guilty, he continued to put the blame on the victims, not himself. That was predator behavior in the eyes of the lower court, and this court believes that meets the sufficiency standard.
 {¶ 31} Therefore, we find no merit to appellant's only assignment of error. The lower court's determination finding appellant to be a sexual predator was based on clear and convincing evidence supported by the record.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Sweeney, J., Concur.