ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Appellant, Claude Brown, appeals the determination of the common pleas court, which classified him as a "sexual predator" pursuant to R.C.2950.09(B)(1). For the following reasons, we find the appellant's appeal to be without merit.
 {¶ 3} On April 19, 1995, Brown was indicted by the Cuyahoga County Grand Jury on five counts of rape, in violation of R.C. 2907.02, and one count of disseminating matter harmful to juvenile, in violation of R.C.2907.31. These charges arose out of a pattern of sexual abuse involving Brown's twelve-year-old stepdaughter. On June 9, 1995, Brown entered guilty pleas to five amended counts of attempted rape, in violation of R.C. 2923.02 and R.C. 2907.02, and one amended count of disseminating matter harmful to juvenile, in violation of R.C. 2907.31. Subsequently, on July 14, 1995, Brown was sentenced to five terms of five-tofifteen years incarceration to run concurrently for his attempted rape convictions. He was also sentenced to pay court costs for his conviction on disseminating matter harmful to juvenile.
 {¶ 4} On November 3, 2004, a sexual predator classification hearing was held, pursuant to R.C. 2950.09 (H.B. 180). There the trial court classified the appellant as a sexual predator. It is from this classification that Brown now appeals, asserting one assignment of error for this court's review, which states:
 {¶ 5} "The evidence is insufficient, as a matter of law, to prove `by clear and convincing evidence' that appellant `is likely to engage in the future in one or more sexually oriented offenses.'"
 {¶ 6} In reviewing a claim of insufficient evidence, this court reviews de novo. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Review is limited to whether there is sufficient probative evidence to support the trial court's determination. Id.
 {¶ 7} A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). In determining whether an offender is a sexual predator, the court should consider all relevant factors, including but not limited to: the offender's age, prior criminal record regarding all offenses and sexual offenses, the age of the victim, previous convictions, number of victims, whether the offender has completed a previous sentence, whether the offender participated in treatment programs for sex offenders, mental illness of the offender, the nature of the sexual conduct, and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2). After reviewing the factors, the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(B)(3).
 {¶ 8} In order to classify an offender as a sexual predator, the state must show that the offender is currently likely to commit a sex crime in the future, not solely that he committed a sex crime in the past. This court recently stated, "a court may adjudicate a defendant a sexual predator so long as the court considers `all relevant factors[,]' which may include a sole conviction." State v. Purser, 153 Ohio App.3d 144,2003-Ohio-3523, citing State v. Ward (1999), 130 Ohio App.3d 551, 560.
 {¶ 9} The likelihood to commit a sexual offense in the future must be shown by clear and convincing evidence. This standard requires "more than a preponderance of evidence, but not to the extent and certainty as is required beyond a reasonable doubt in criminal cases." State v. Schiebel
(1990), 55 Ohio St.3d 71, 74, citing Cross v. Ledford (1954),161 Ohio St. 469. The evidence must be enough to support a firm belief or conviction.
 {¶ 10} R.C. 2950.09(B)(1) provides for a hearing during which the court determines whether the individual is a sexual predator and states in relevant part:
 {¶ 11} "* * * At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. * * *"
 {¶ 12} R.C. 2950.09(B)(2) provides in relevant part:
 {¶ 13} "In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 14} "(a) The offender's age;
 {¶ 15} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 16} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 17} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 18} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 19} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 20} "(g) Any mental illness or mental disability of the offender;
 {¶ 21} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct * * * was part of a demonstrated pattern of abuse;
 {¶ 22} "(i) Whether the offender, during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty;
 {¶ 23} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 24} Furthermore, R.C. 2950.09(B)(3) states:
 {¶ 25} "After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * * If the judge determines by clear and convincing evidence that the offender is a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a sexual predator and shall specify that the determination was pursuant to division (B) of this section. * * *"
 {¶ 26} When determining whether a person is a sexual predator, the court must consider all relevant factors, including those listed in R.C.2950.09(B)(2). The statute does not require the court to list the criteria, but only to consider all relevant factors, including the criteria in R.C. 2950.09(B)(2), in making his or her findings. See Statev. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570.
 {¶ 27} Furthermore, "the Ohio Supreme Court has determined that R.C. Chapter 2950 is remedial in nature and not punitive." State v. Purser,
supra, citing State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291,700 N.E. 2d 570. A sexual predator determination hearing is akin to a sentencing hearing where it is well settled that the rules of evidence do not strictly apply as long as the evidence sought to be admitted has some indicia of reliability. State v. Purser, supra, citing State v. Brown,
151 Ohio App.3d, 2002-Ohio-5207, 783 N.E.2d 539; R.C. 2950.09; Evid.R. 101(C). A further important difference is that recidivism is not at issue at the trial of one charged with these offenses; recidivism is only at issue at the sexual predator hearing. State v. Purser, supra. "Therefore, a trial court, when conducting a sexual predator hearing, may rely on information that was not introduced at trial. As the Ohio Supreme Court put it, a `judge must consider the guidelines set out in R.C.2950.09(B)(2), but the judge has discretion to determine what weight, if any, he or she will assign to each guideline. Pursuant to R.C.2950.09(B)(2), a judge may also consider any other evidence that he or she deems relevant to determining the likelihood of recidivism.'" Id., citing State v. Thompson, 92 Ohio St.3d 584, 2001-Ohio-1288,752 N.E.2d 276, paragraph one of the syllabus.
 {¶ 28} Here, Brown claims that there was insufficient evidence to prove "by clear and convincing evidence" that he is likely to engage in the future in one or more sexually oriented offenses. In reviewing the facts of this matter, this court finds that the lower court had sufficient evidence to classify appellant as a sexual predator. Brown did plead guilty to multiple sexually oriented offenses. Thus, by statute, appellant is at least to be classified as a "sexually oriented offender." Beyond that, the key in determining whether to classify Brown to the heightened classification of "sexual predator" is his likelihood of committing one or more sexually oriented offenses in the future. In conducting the mandated sexual predator hearing, upon properly reviewing a number of sources, the lower court addressed the enumerated factors in R.C. 2950.09(B)(2). In doing so, the lower court noted several relevant factors supporting its classification. First, there are the facts and circumstances involving the underlying offenses for which Brown pleaded guilty. The victim of this offense was the appellant's stepdaughter, who was of a young age — 12 and 13 years old over the span of the abuse. Thus, Brown was in a position of authority over the victim, which he used to advance the sexual abuse. In addition, there was evidence of grooming the victim by Brown in order to facilitate the continuing abuse. This evidence goes to the nature of the offender's conduct during the offense and demonstrates a pattern of abuse.
 {¶ 29} There was further evidence presented before the lower court that supports its determination in this case. Much of this evidence comes from appellant's own confessions during his court psychiatric evaluation. During that evaluation, Brown admitted to having sexual relations with other under-aged females, including a sixteen year old and fifteen year old relative of the victim in the instant case. As a result of that evaluation, Brown was diagnosed with both pedophilia and paraphilia. It was said of appellant in the course of the paraphilia diagnosis that, "The Defendant has a long-standing pattern of inappropriate sexual behavior that includes sexual relations with underage female family members, voyeurism, professional sexual misconduct, coercive sexual activity, disseminating pornography, and marital problems related to sexual issues." Appellant is also a selfproclaimed recovering sex addict.
 {¶ 30} In light of all the evidence presented before the lower court, this court finds that the sufficiency standard has been met. Therefore, we find no merit to appellant's only assignment of error. The lower court's determination finding appellant to be a sexual predator was based on clear and convincing evidence supported by the record.
Judgement affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Kilbane, J., concur.