OPINION
{¶ 1} Appellant James Bonnette ("appellant") appeals the decision of the Stark County Court of Common Pleas that classified him a "sexual predator." The following facts give rise to this appeal.
 {¶ 2} On August 1, 2005, appellant pled guilty to two counts of rape, one count of pandering in sexually oriented matter involving a minor, and one count of illegal use of a minor in a nudity-oriented material or performance. The charges stemmed from appellant's rape of his adopted daughters, ages 13 and 9, numerous times over a period of years. The trial court sentenced appellant to a fifteen-year prison term.
 {¶ 3} On August 8, 2005, appellant appeared before the trial court for a classification hearing pursuant to R.C. Chapter 2950. Upon completion of the hearing, the trial court issued a judgment entry in which it classified appellant a "sexual predator."
 {¶ 4} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 5} "I. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING."
 I {¶ 6} In his sole assignment of error, appellant maintains the trial court's finding concerning sexual predator status is not supported by clear and convincing evidence because the state only proved that he was a "sexual offender" and there was no evidence of likelihood to reoffend. We disagree.
 {¶ 7} A "sexual predator" is defined as a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E); State v.Eppinger (2001), 91 Ohio St.3d 158, 163, 2001-Ohio-247. There must be clear and convincing evidence that the offender is a "sexual predator" before that predator classification may be applied. R.C. 2950.09(B)(4). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. While clear and convincing evidence is "more than a mere preponderance" of the evidence, it is less than that which constitutes "beyond a reasonable doubt."State v. Danby (1983), 11 Ohio App.3d 38, 41, citing Cross at 477.
 {¶ 8} In making the sexual predator determination, the trial court is to examine the factors enumerated in R.C. 2950.09(B)(2), which include the following:
 {¶ 9} "(a) The offender's age;
 {¶ 10} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 11} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 12} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 13} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offenses or to prevent the victim from resisting;
 {¶ 14} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 15} "(g) Any mental illness or mental disability of the offender;
 {¶ 16} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 17} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 18} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 19} In the Eppinger case, supra, the Ohio Supreme Court set forth the requirements for conducting a sexual predator hearing. Specifically, the Court noted, "[f]inally, the trial court should consider the statutory factors listed in R.C.2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism [Citations omitted.]. Eppinger at 166.
 {¶ 20} In the case sub judice, at the classification hearing, the state presented as a witness, Mike Davies, a social worker. Mr. Davies testified regarding his investigation of the child sex abuse case against appellant. The state also introduced a report from the Northeast Ohio Behavioral Health Center. The report revealed that appellant engaged in multiple instances of sexual abuse with both of his minor adopted daughters over a number of years. Appellant's abuse progressed from touching to fellatio, anal penetration, attempted intercourse and group sex with both girls. Appellant also threatened the girls to prevent them from telling their mother about the abuse.
 {¶ 21} Despite this evidence, appellant argues on appeal that there is no evidence, in the record, that he is likely to reoffend in the future. In the Eppinger case, the Ohio Supreme Court noted that "under certain circumstances, it is possible that one sexually oriented conviction alone can support sexual predator adjudication." Eppinger at 162. Further, "`substantial evidence exists which indicates that child sex offenders are generally serial offenders. Specifically, in considering the Jacob Wetterling Crimes Against Children Registration Act, Section 14701, Title 42, U.S. Code, the House Report prepared for the Act stated: `Evidence suggests that child sex offenders are generally serial offenders. Indeed one recent study concluded the `behavior is highly repetitive, to the point of compulsion' and found that 74 percent of imprisoned child sex offenders had one or more prior sexual offenses against a child.' See H.R. Rep. No. 392, 103rd Congress." State v. Sloan, Richland App. No. 2005-CA-0023, 2005-Ohio-5635, at ¶ 58.
 {¶ 22} Further, in the Eppinger case, the Ohio Supreme Court explained that:
 {¶ 23} "Although Ohio's version, R.C. Chapter 2950, does not differentiate between crimes against children and crimes against adults, recidivism among pedophile offenders is highest. Some studies have estimated the rate of recidivism as being as high as fifty-two percent for rapists and seventy-two percent for child molesters." Comparet-Cassani, A Primer on the Civil Trial of a Sexually Violent Predator (2000), 37 San Diego L.Rev. 1057, 1071, citing Prentky, Recidivism Rates Among Child Molesters and Rapists: A Methodological Analysis (1997), 21 Law Human Behavior 635, 651." Sloan at ¶ 59.
 {¶ 24} "In accordance, we can only conclude that the lower court was free to give due deference to the statistical likelihood of appellant's reoffending * * *. Although the Ohio Supreme Court in Eppinger, * * *, did not establish a bright-line rule that courts can rely solely on statistical evidence in making a sexual predator determination, it nevertheless endorsed the lower court's ability to give due weight to a statistical likelihood that sexual offenders of children are likely to reoffend when conducting its sexual predator determination." State v. Purser, 153 Ohio App.3d 144,2003-Ohio-3345, at ¶ 39.
 {¶ 25} We conclude the following findings made by the trial court, in its judgment entry, are supported by the evidence presented at the classification hearing. This evidence indicates appellant is likely to reoffend and therefore, the trial court properly found him to be a "sexual predator." Specifically, the relevant findings are as follows:
 {¶ 26} "C. There were two victims in this case. Each of the victims was under thirteen years of age, with one of the victims being nine years old at the time of the offense;
 " * * * {¶ 27} "G. The Defendant engaged in all types of sexual conduct with both victims in this particular case. He continued to engage in that type of conduct for a period of four or five years with one victim and then with another victim, and he also was in possession of child pornography. I find the evidence overwhelming that this was part of a demonstrated pattern of abuse based upon the Bill of Particulars filed in this particular case;
 {¶ 28} "H. The Defendant's acts displayed cruelty. Further, comments made to the children if they were to disclose were threats to do bodily harm;
 {¶ 29} "I. This is an individual who was initially charged with a specification that would have resulted in a life sentence. The indictment was amended, and the Defendant pled to the amended indictment. The seriousness of the Defendant's conduct was well documented not only at the hearing, but in the Bill of Particulars. Taking into account the age of the offender, the ages of the victims, the relationship the victims had with this Defendant, the cruelty of the acts committed against these young children, the threats made against these children, and the possession of child pornography, I find by clear and convincing evidence that the Defendant is to be classified as a Sexual Predator." Judgment Entry, Aug. 25, 2005, at 1-2.
 {¶ 30} Based upon the record before us and the statistical evidence that appellant is highly likely to reoffend, we find the trial court's classification of appellant as a "sexual predator" is supported by clear and convincing evidence.
 {¶ 31} Appellant's sole assignment of error is overruled.
 {¶ 32} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, P.J. Gwin, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs assessed to Appellant.