OPINION *Page 2 
{¶ 1} Appellant, Robert West, appeals the trial court's decision classifying him as a sexual predator. Appellee is the State of Ohio.
 STATEMENT OF FACTS AND CASE {¶ 2} On May 30, 2007, the Stark County Grand Jury indicted appellant on one count of unlawful sexual conduct with a minor, a violation of R.C. 2907.04(A) and (B)(3), a third degree felony, one count of gross sexual imposition, a violation of R.C. 2907.05(A)(4), a third degree felony, one count of disseminating materials harmful to juveniles, a violation of R.C. 2907.31(A)(1), a fourth degree felony, and one count of public indecency, a violation of R.C. 2907.09 (A)(1) a fourth degree misdemeanor.
 {¶ 3} On July 26, 2007, appellant pleaded guilty as charged to the indictment. The trial court sentenced appellant to an aggregate four (4) year term of imprisonment.
 {¶ 4} On August 6, 2007, the trial court conducted appellant's House Bill 180 classification hearing. Appellant did not file any pre-hearing motion to challenge the constitutionality of H.B. 180. Appellant also declined a psychological evaluation for the purposes of the classification hearing. After the presentation of evidence the trial court found appellant to be a sexual predator.
 {¶ 5} It is from the sexual predator classification that appellant now seeks to appeal setting forth the following assignments of error:
 {¶ 6} "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIS [SIC] ON DOUBLE JEOPARDY GROUNDS. *Page 3 
 {¶ 7} "II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IN UNCONSTITUTIONALLY VAGUE.
 {¶ 8} "III. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING."
 I {¶ 9} In the first assignment of error appellant argues that House Bill 180 violates the double jeopardy clause of the Ohio and United States Constitutions. However, appellant did not move to dismiss the classification hearing on double jeopardy grounds. Therefore, appellant is limited to a plain error review. See State v. Payne,114 Ohio St.3d 502, 2007-Ohio-4642, 837 N.E.2d 306.
 {¶ 10} In State v. Williams, 88 Ohio St.3d 513, 2000-Ohio-428,728 N.E.2d 342, cert. denied sub. nom. Suffecool v. Ohio (2000),513 U.S. 902, the Supreme Court addressed whether the classification, registration and notification provisions of H.B. 180 violate the double jeopardy clause . The Court in its opinion held as follows:
 {¶ 11} "The Double Jeopardy Clause states that no person shall `be subject for the same offence to be twice put in jeopardy of life or limb.' Fifth Amendment to the United States Constitution; see, also, Section 10, Article I, Ohio Constitution. Although the Double Jeopardy Clause was commonly understood to prevent a second prosecution for the same offense, the United States Supreme Court has applied the clause to prevent a state from punishing twice, or from attempting a second time to criminally punish for the same offense. See Kansas v. Hendricks,521 U.S. at 369, 117 S.Ct. at 2085, 138 L.Ed.2d at 519; Witte v.United States (1995), 515 U.S. 389, 396, *Page 4 115 S.Ct. 2199, 2204, 132 L.Ed.2d 351, 361. The threshold question in a double jeopardy analysis, therefore, is whether the government's conduct involves criminal punishment. Hudson v. United States (1997),522 U.S. 93, 101, 118 S.Ct. 488, 494, 139 L.Ed.2d 450, 460.
 {¶ 12} "This Court, in Cook, addressed whether R.C. Chapter 2950 is a `criminal' statute and whether the registration and notification provisions involved `punishment.' Because Cook held that R.C. Chapter 2950 is neither `criminal', nor a statute that inflicts punishment, R.C. Chapter 2950 does not violate the Double Jeopardy Clauses of the United States and Ohio Constitutions." State v. Williams,88 Ohio St. at 527-527, see also, State v. Cook (1998), 83 Ohio St. 3d 404,700 N.E. 2d 570, cert denied (1999), 525 U.S. 1182.
 {¶ 13} For the reasons set forth in State v. Williams, supra, appellant's argument is without merit. Accordingly appellant's first assignment of error is hereby overruled.
 II {¶ 14} In the second assignment of error, appellant argues that the provisions in the House Bill 180 classification statute regarding classification, registration and notification are unconstitutionally vague because they do not provide adequate guidelines relative to the recidivism determination or for the standard of proof required. Again we note that appellant failed to bring this constitutional argument before the trial court. Therefore, appellant is limited to a plain error review. State v. Payne, Supra.
 {¶ 15} In State v. Williams, supra, the Supreme Court held that the statute was not void for vagueness as appellant argues. Specifically, the Court held in its opinion as follows: *Page 5 
 {¶ 16} "The void-for-vagueness doctrine ensures that individuals can ascertain what the law requires of them." See State v. Anderson (1991),57 Ohio St.3d 168, 171, 566 N.E.2d 1224, 1226-1227. In order to survive a void-for-vagueness challenge, the statute at issue must be written so that a person of common intelligence is able to determine what conduct is prohibited, and the statute must provide sufficient standards to prevent arbitrary and discriminatory enforcement. Chicago v.Morales (1999), 527 U.S. 41, 56-57, 119 S.Ct. 1849, 1859,144 L.Ed.2d 67, 80; see, also, State ex rel. Rear Door Bookstore v. Tenth Dist.Court of Appeals (1992), 63 Ohio St.3d 354, 358, 588 N.E.2d 116, 120. A statute will not be declared void, however, merely because it could have been worded more precisely. See Roth v. United States (1957),354 U.S. 476, 491, 77 S.Ct. 1304, 1312, 1 L.Ed.2d 1498, 1510-1511. Mathematical precision has never been required. See Boyce Motor Lines v.United States (1952), 342 U.S. 337, 340, 72 S.Ct. 329, 330-331, 96 L.Ed. 367,371.
 {¶ 17} "Facial-vagueness challenges are generally allowed only where the statute is vague in all of its applications. Anderson,57 Ohio St.3d at 173, 566 N.E.2d at 1228, * * *, citing Village of Hoffman Estates v.The Flipside, Hoffman Estates, Inc. (1982), 455 U.S. 489, 494-495,102 S.Ct. 1186, 1191, 71 L.Ed.2d 362. This means that the statute does not supply a definitive standard by which to determine what conduct is included and what conduct is excluded. * * * R.C. Chapter 2950 does provide an adequate standard upon which to make a sexual predator determination. Accordingly, it is not impermissibly vague in all its applications, and a facial challenge will not be sustained. *Page 6 
 {¶ 18} "As stated, a law will survive a void-for-vagueness challenge if it is written so that a person of common intelligence is able to ascertain what conduct is prohibited, and if the law provides sufficient standards to prevent arbitrary and discriminatory enforcement.Morales, 527 U.S. at 56-57, 119 S.Ct. at 1859, 144 L.Ed.2d at 80. First, R.C. Chapter 2950 does not prohibit any conduct. Its provisions merely establish remedial registration and notification requirements for those sex offenders adjudicated to be a habitual sex offender or a sexual predator. As noted by this court, remedial measures require less specificity to satisfy a void-for-vagueness challenge than do criminal statutes. Salem v. Ohio Liquor Control Comm. (1973), 34 Ohio St.2d 244,246, 63 O.O.2d 387, 388-389, 298 N.E.2d 138, 140. Second, R.C. Chapter 2950, on its face, does set forth sufficiently specific guidelines to prevent arbitrary and discriminatory enforcement.
 {¶ 19} "The defendants argue that use of the "clear and convincing" standard to make a finding that a sex offender is likely to commit future offenses is illogically vague. We fail to understand, however, how the likelihood of future conduct and the burden of proof required to make that finding conflict in such a manner as to render the statute vague. This assessment of probability is both conceptually and practically distinct from the burden of proof. A `burden of proof is the duty imposed * * * on the party who is legally required to persuade a trier of fact that the party is entitled to some form of legal redress. In this case, the clear-and-convincing-evidence standard require[s] the state to present evidence that would give the court a firm belief or conviction that [a] defendant [is] likely to commit another sexually oriented offense in the future.' Ward, *Page 7 130 Ohio App.3d at 569, 720 N.E.2d at 616. Therefore, we find nothing impermissibly vague about the use of the clear and convincing standard in R.C. Chapter 2950.
 {¶ 20} "In addition, R.C. Chapter 2950 provides guidelines for a court to make a sexual predator determination. R.C. 2950.01(E) defines a `sexual predator' as `a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.' The court is to make this determination upon the state's presentation of clear and convincing evidence. R.C. 2950.09(B)(3) and 2950.09(C)(2). R.C.2950.09(B)(2) further provides factors that the court is required to consider in making a determination as to the sex offender's probability of future conduct.
 {¶ 21} "* * * R.C. Chapter 2950 provides factors to help define when an offender is `likely to engage in the future in one or more sexually oriented offenses,' R.C. 2950.01(E) * * *
 {¶ 22} "Even if the terms of R.C. 2950.09 are worded broadly, a certain level of broadness in the language of R.C. Chapter 2950 allows for individualized assessment rather than an across-the-board rule. `Because each sexual-predator determination is fact-specific, the framework provided to the courts in the statute must be broadly worded to accommodate both the most common and most exceptional cases.'State v. Avery (1998), 126 Ohio App.3d 36, 54, 709 N.E.2d 875, 887. By writing the statutory language to accommodate for individualized assessments, the General Assembly has not rendered R.C. Chapter 2950 unconstitutionally vague. Any abuses in the sex offender classification hearing or any misapplication of the factors in R.C. 2950.09(B)(2) to a particular individual can be cured through the appellate process. See R.C. *Page 8 2950.09(B)(3). We will not rule out the possibility that R.C. Chapter 2950 may be misapplied on an individual basis, but the statute is facially constitutional." State v. Williams 88 Ohio St. 3d at 532-534.
 {¶ 23} In Williams, the Supreme Court has held that the classification statute is not unconstitutionally vague because it provides adequate guidelines and adequately sets forth standards upon which to make a sexual predator classification.
 {¶ 24} Accordingly, appellant's second assignment of error is without merit for the reason set forth in State v. Williams, and is hereby overruled.
 III {¶ 25} In the third assignment of error, appellant argues that the evidence presented at the House Bill 180 classification hearing did not establish his likelihood to re-offend by clear and convincing evidence. Appellant also argues that the trial court erred by failing to consider a psychological examination in order to make a finding that recidivism by appellant was likely to occur. We disagree.
 {¶ 26} The Ohio Revised Code defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1). In a classification hearing, the State has the burden to show by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually-oriented offenses. State v. Eppinger (2001), 91 Ohio St.3d 158,743 N.E.2d 881.[1] *Page 9 
 {¶ 27} "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." Id., citingCross v. Ledford (1954), 161 Ohio St. 469, 477, 120 N.E.2d 118.
 {¶ 28} The role of the appellate court is to determine whether the weight of the evidence supports the trial court's decision. State v.Cook, supra, State v. Childs, 142 Ohio App.3d 389, 755 N.E.2d 958. Decisions that are supported by competent, credible evidence will not be reversed by a reviewing court as being against the manifest weight of the evidence. Seasons Coal v. Cleveland (1984), 10 Ohio St.3d 77,461 N.E.2d 1273; State v. Cook, supra. This Court must also remain mindful, that the weight to be given the evidence and the credibility of the witnesses are matters primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.
 {¶ 29} R.C. 2950.09(B)(3) sets forth the relevant factors a trial court is to consider concerning a sexual predator classification:
 {¶ 30} "In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 31} "(a) The offender's or delinquent child's age;
 {¶ 32} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses; *Page 10 
 {¶ 33} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 34} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 35} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 36} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 37} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 38} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 39} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 40} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct." *Page 11 
 {¶ 41} The trial court has significant discretion in evaluating factors that may be relevant to a recidivism determination and such determinations are to be afforded great deference. State v.Robertson, 147 Ohio App.3d 94, 2002-Ohio-494, 768 N.E.2d 1207. The trial court has discretion to determine what weight, if any, it will assign to each statutory guideline. State v. Thompson 92 Ohio St.3d 584,2001-Ohio-1288, 752 N.E.2d 276. The trial court does not need to find a majority of the R.C. 2950.09(B)(2) factors to support a sexual predator determination; rather, a defendant may be so adjudicated even if only one or two of the factors are present as long as the totality of the circumstances provides clear and convincing evidence that the defendant is likely to commit a sexually oriented offense in the future. State v.Murphy, 11th Dist. No. 2003-L-049, 2005-Ohio-412 at paragraph 41. Furthermore, the trial court is not required to consider a psychological examination in order to make a recidivism finding. State v.Eppinger, Supra.
 {¶ 42} "In drafting R.C. Chapter 2950, the legislature recognized the existing statistical evidence, which overwhelmingly indicates that recidivism among pedophile offenders is highest." State v. Purser
(2003), 153 Ohio App. 3d 144, 151-152. 2003-Ohio-3345, 791 N.E.2d 1053. In State v. Purser, the court stated as follows:
 {¶ 43} "Substantial evidence exists which indicates that child sex offenders are generally serial offenders. Specifically, in considering the Jacob Wetterling Crimes Against Children Registration Act, Section 14701, Title 42, U.S. Code, the House Report prepared for the Act stated: `Evidence suggests that child sex offenders are generally serial offenders. Indeed one recent study concluded the `behavior is highly repetitive, to the point of compulsion,' and found that 74 percent of imprisoned child sex offenders *Page 12 
had one or more prior sexual offenses against a child.'" See H.R. Rep. No. 392, 103rd Congress (1993). Furthermore, in State v. Eppinger
(2001), 91 Ohio St.3d 158, 159-162, 743 N.E.2d 881, the Ohio Supreme Court stated:
 {¶ 44} "Although Ohio's version, R.C. Chapter 2950, does not differentiate between crimes against children and crimes against adults, recidivism among pedophile offenders is highest. Some studies have estimated the rate of recidivism as being as high as fifty-two percent for rapists and seventy-two percent for child molesters." Comparet-Cassani, a Primer on the Civil Trial of a Sexually Violent Predator (2000), 37 San Diego L.Rev. 1057, 1071, citingPrentky, Recidivism Rates among Child Molesters and Rapists: A Methodological Analysis (1997), 21 Law Human Behavior 635, 651.
 {¶ 45} Last, the United States Supreme Court, in McKune v. Lile
(2002), 536 U.S. 24, 32-33, 122 S.Ct. 2017, 153 L.Ed.2d 47, stated "the victims of sex assault are most often juveniles," and "[w]hen convicted sex offenders reenter society, they are much more likely than any other type of offender to be rearrested for a new rape or sexual assault." See also, State v. Ashbrook, 5th Dist. No. 2004-CA-00109, 2005-Ohio-740, reversed on other grounds and remanded for re-sentencing pursuant toState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856; In re: Ohio CriminalSentencing Statutes Cases, 109 Ohio St.3d 313, 2006-Ohio-2109; see also,State v. Basham, Muskingum App. No. CT 2007-0010, 2007-Ohio-6995.
 {¶ 46} Additionally, the existence of more than one victim of sexual abuse is relevant when determining whether an offender should be classified as a sexual predator. State v. McElfresh, Washington App. No. 99CA36, (decided July 14, 2000), unreported; See, also, State v.Jones, Belmont App. No. 02 BE 36, 2003-Ohio-1219, *Page 13 
paragraph 24; State v. Burgess, Fayette App. No. CA99-08-021,(decided July 10, 2000), unreported.
 {¶ 47} In this case, the appellant declined the opportunity to engage in a psychological evaluation for the purposes of the sexual predator classification. Pursuant to State v. Eppinger, appellant's decision does not prevent the trial court from considering other evidence to reach to a sexual predator determination.
 {¶ 48} Upon review we find that the evidence presented at the hearing established that appellant, a sixty-one year old man, committed sexually oriented offenses against multiple male and female victims between twelve (12) and seventeen (17) years of age. Appellant invited the victims to his home to help him with household chores. While the children were in his home appellant supplied them with alcohol, exposed them to pornography, told them about his nudist proclivities, and talked with them about explicit sexual matters, all in an effort to groom them for sexual activity. Appellant then engaged or attempted to engage the children in sexual activities including fellatio and masturbation.
 {¶ 49} Based upon the record, we find that the trial court's decision finding appellant to be a sexual predator was not against the manifest weight of the evidence. *Page 14 
 {¶ 50} Accordingly, appellant's third assignment of error is not well taken and is hereby overruled.
 {¶ 51} The judgment of the Stark County Court of Common Pleas is hereby affirmed.
 Edwards, J. Gwin, P.J. and Wise, J. concur *Page 15 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] "After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(3) of this section, the court shall determine by clear and convincing evidence whether the offender or the delinquent child is a sexual predator." R.C. 2950.09(B)(4). *Page 1